Eric Hill, Petitioner *v.* Commonwealth of Pennsylvania, Workmen's Compensation Appeal Board and Martinsburg Electrical Associates, Inc., Respondents.

Argued May 7, 1980, before Judges ROGERS, BLATT and MACPHAIL, sitting as a panel of three.

*Timothy P. Creany,* with him *Blair V. Pawlowski,* for petitioner.

*Sandra S. Christianson,* with her *Laurence W. Dague,* Assistant Attorney General, *Joan A. Goldsmith* and *James DiFrancesco,* for respondents.

OPINION BY JUDGE ROGERS, June 9, 1980:

Eric Hill has appealed from an order of the Workmen's Compensation Appeal Board affirming a referee's decision refusing him an award of workmen's compensation benefits for disability due to pneumoconiosis.

Hill worked as a coal miner from 1927 until 1950. From 1950 until 1966 he was employed by a tire service company. In 1966, Hill began working for Martinsburg Electrical Associates, Inc. as an electrician, working primarily at coal mines running conduit and pulling wires. He left his employment with Martinsburg in January 1976 because, as he said, he "couldn't get enough wind to keep going."

In September 1976, Hill filed a claim petition naming Martinsburg as defendant for partial or total disability due to pneumoconiosis under Section 108(q) of The Pennsylvania Workmen's Compensation Act, Act of June 2, 1915, P.L. 736, *as amended,* added by the Act of October 17, 1972, P.L. 930, *as amended,* 77 P.S. §27.1(q). A referee's hearing was held at which Hill testified and medical reports from the Mercy Hospital of Johnstown and a Dr. Mathur were introduced. The referee found that Hill failed to prove that

he was partially or totally disabled from pneumoconiosis as a result of exposure to coal and silica hazard while employed by Martinsburg. The Board, without taking additional evidence, affirmed the referee's decision.[1]

Hill contends that his own testimony and Dr. Mathur's report provide uncontradicted evidence that he is disabled by pneumoconiosis and that the referee and the Board capriciously disregarded this evidence in reaching their decisions. We disagree.

A capricious disregard of evidence occurs when the referee deliberately disbelieves " 'undoubted testimony or evidence from an apparently trustworthy source as would be repugnant to a man of reasonable intelligence.' " *Lewis v. Workmen's Compensation Appeal Board,* 43 Pa. Commonwealth Ct. 70, 72, 401 A.2d 863, 864-65 (1979), *quoting Kuchinski v. Workmen's Compensation Appeal Board,* 38 Pa. Commonwealth Ct. 210, 212, 392 A.2d 348, 349 (1978). The referee's finding of fact numbered 9, reproduced in footnote (2)[2], reveals that the referee considered Dr. Math-

---

[1] Because Hill had worked as a coal miner from 1927 until 1950, the Board remanded the record to the referee to permit Hill to amend his claim petition to one for benefits under Section 301(i) of The Pennsylvania Occupational Disease Act, Act of June 21, 1939, P.L. 566, *as amended,* 77 P.S. §1401(i). While we normally would refrain from allowing an appeal from an order of remand, the Board's decision in this case put an end to litigation on Hill's claim petition against Martinsburg and was final with respect to that claim.

[2] There is no evidence that Doctor Dinesh Mathur performed any of the clinical studies on the claimant they being performed at the Coal Workers Respiratory Disease Program at the Mercy Hospital, Johnstown, Pennsylvania. The conclusion of the clinic, as expressed in the letter of Mrs. Salian L. Chieppor, Outreach Counselor, is that claimant only showed x-ray evidence of coal miner's pneumoconiosis. The pulmonary function studies [sic; and] blood studies were normal.

ur's report and chose not to accept Dr. Mathur's conclusion, as it was within his competence to do. *Fesh v. American Steel & Wire Division, United States Steel Corp.*, 4 Pa. Commonwealth Ct. 84, 87, 286 A.2d 10, 12 (1972). A decision by the referee to accept or reject evidence of this nature is not a capricious disregard of evidence. *Lewis v. Workmen's Compensation Appeal Board, supra.*

Moreover, the referee's finding that Hill failed to prove a disability resulting from his employment with Martinsburg is supported by substantial evidence.

Tests done on Hill showed normal results, with the exception of Hill's x-rays by the Mercy Hospital which revealed some pneumoconiosis. Dr. Mathur expressed the opinion that Hill was disabled only from working as a coal miner. There was thus no evidence in the record that Hill was disabled from working as an electrician or that he suffered any disability as the result of his employment with Martinsburg.

### ORDER

AND Now, this 9th day of June, 1980, the order of the Workmen's Compensation Appeal Board denying workmen's compensation benefits to Eric Hill is affirmed.