Paper Products Company, Inc. and Fireman's Fund Insurance Companies, Petitioners *v.* Workmen's Compensation Appeal Board (Joseph P. Kirin), Respondents.

Argued May 7, 1982, before Judges ROGERS, MAC-PHAIL and DOYLE, sitting as a panel of three.

*Lawrence J. Baldasare, Meyer, Darragh, Buckler, Bebenek & Eck,* for petitioners.

*David S. Pollock, Jubelirer, Pass & Intrieri, P.C.,* for respondent, Joseph P. Kirin.

OPINION BY JUDGE ROGERS, July 21, 1982:

Paper Products Company here appeals from an order of the Workmen's Compensation Appeal Board, affirming a referee's award of expenses and compensation to Joseph P. Kirin, formerly employed as a truck driver by Paper Products, on account of a heart attack suffered by Kirin in the course of his employment on December 20, 1976. We affirm.

The claimant testified that he suffered a sharp pain across his chest (later diagnosed as a myocardial infarction), as he drove his truck around a corner.

To be eligible for workmen's compensation a claimant must prove that the injury was suffered while he was in the course of his employment and that the injury was related to, that is, causally connected to that employment. *Workmen's Compensation Appeal Board v. G.M. & W. Coal Co.,* 29 Pa. Commonwealth Ct. 138, 370 A.2d 386 (1977).

Based on the testimony of one Dr. Cuddeback, the claimant's treating physician and medical witness, the referee found that the claimant's heart attack was "causally related" to his employment. The employer contends that Dr. Cuddeback's testimony is equivocal on that point and therefore cannot support the referee's finding of a causal relationship. As this court stated in *Workmen's Compensation Appeal Board v. Bowen,* 26 Pa. Commonwealth Ct. 593, 596, 364 A.2d 1387, 1389 (1976) (citations omitted):

> [I]t is well settled that where no obvious causal relationship exists it must be established by unequivocal medical testimony. . . . An examina-

tion of cases where the injury suffered was a heart attack, however, reveals that medical testimony need not be given in such cases with unqualified certainty.

On the issue of causal relationship, Dr. Cuddeback testified on direct as follows:

A. I believe a coronary will occur when it occurs. When it occurs, it will be precipitated by whatever one is doing at the time. Whether it be recreation or occupation, I believe it had to relate more to what [the claimant] had done.

On cross-examination he testified:

Q: So isn't it fair to say as far as you were concerned that you really do not know the precipitating cause of the myocardial infarction in your own mind? The only thing that you would have to go on is whatever this man told you. Right?

A: Well, I can only go by what he told me; and based thereon, on what I have read and what I was told, I have to feel it was related. I can't say with certainty. No one can say with certainty if it was the actual cause. I have never been involved in a proceeding like this and never knew such a thing could be related to occupation; but I would feel that I don't care what [the claimant] was doing. When it happened, it was related to that event.

On redirect, he testified:

Q: Now, Doctor, let's speak about Mr. Kirin, and I would like to have your opinion after going through this deposition as to what you feel is the precipitating cause of this individual's myocardial infarction.

A: As I stated before, it happened in the course of work and while under stress, physical

or emotional or both. I feel this had to be considered the factor, the precipitating factor.

On recross, he testified:

Q: But, in your opinion, it was the driving that precipitated the myocardial infarction in the first place.

A: The tension and the driving.

Q: How do you know [the claimant] had tension?

A: Just by what he told me, and I don't think he had any idea on any of this at the time that he told me that. . . .

. . . .

. . . [H]e told me [the truck] was big, and it was difficult to handle.

Dr. Cuddeback's testimony taken as a whole supports the disputed finding.

The testimony of other medical witnesses produced by the employer to the effect that the infarction was not caused by the claimant's work, simply produced the usual conflict of fact required to be resolved by the referee. *See Universal Cyclops Steel Corp. v. Krawczynski*, 9 Pa. Commonwealth Ct. 176, 305 A.2d 757 (1973).

Order affirmed; an appropriate judgment order will be entered.

## ORDER

AND Now, this 21st day of July, 1982, order of the Workmen's Compensation Appeal Board in the above-captioned case is affirmed. The appellant, Paper Products Company, Inc. and/or its insurance carrier, Fireman's Fund American Ins. Group, is directed to pay the claimant, Joseph P. Kirin, compensation at the rate of $187.00 per week, beginning December 21, 1976 to the present date and indefinitely into the future, all within the meaning, provisions and limitations of

the Workmen's Compensation Act. Interest is payable on all deferred installments of compensation awarded hereunder.

The appellant, and/or its insurance carrier, is further directed to pay the following reasonable expenses:

Blue Cross of Western Pennsylvania $2,161.90

Reimbursement to Claimant for bill of Dr. Rosenbach and Dr. Silverberg, plus South Side Hospital bill unpaid by Blue Cross of Western Penna. 347.50

The Defendant, and/or its insurance carrier, is directed to reimburse Claimant's counsel for the reasonable costs incurred as submitted in the Bill of Costs dated December 28, 1978 in the amount of $291.20 and to reimburse the Claimant for the deposition fee of Dr. Cuddeback in the amount of $100.00.

Claimant shall pay his attorney a fee of 20 percent of compensation awarded hereunder, and the Defendant is directed to pay said amount of 20 percent of this Award directly to Claimant's counsel, David S. Pollock, Esquire, deducting same from the compensation benefits due and owing to Claimant. Defendant and/or its insurance carrier shall pay Claimant's attorney $540.50, as authorized by Blue Cross of Western Pennsylvania and deducted from their subrogation interest.