Anthony Thomas, Petitioner v. Workmen's Compensation Appeal Board (State Farm Insurance Companies), Respondents.

Argued May 9, 1983, before Judges CRAIG, MAC-PHAIL and BARBIERI, sitting as a panel of three.

*David W. Saba, Hourigan, Kluger & Spohrer Associates,* for petitioner.

*James J. McCabe,* with him, *Ellen Q. Suria, Duane, Morris & Heckscher,* for respondent, State Farm Insurance Companies.

OPINION BY JUDGE BARBIERI, November 10, 1983:

Anthony Thomas (Claimant) appeals here from an order of the Workmen's Compensation Appeal Board (Board) affirming a referee's denial of his claim petition against State Farm Insurance Companies (State Farm). We affirm.

Claimant filed a claim petition against State Farm alleging therein that he was totally disabled by stress he encountered during his service under a written contract as a licensed insurance agent.[1] State Farm subsequently contested this claim petition alleging (1) that Claimant was an independent contractor and not an employee of State Farm, and (2) that the stressful conditions Claimant operated under, if disabling, were self-inflicted, and not work related. Following the conduct of three hearings the referee awarded total disability benefits to Claimant. On appeal, the Board, after reviewing the record, decided to remand the case back to the referee for additional factual findings. In the interim, however, the referee who had awarded benefits had joined the law firm representing Claimant, so the case was reassigned to a new referee. At a pre-hearing conference both parties agreed that additional hearings were unnecessary and that the matter should be decided on the basis of the record created before the first referee. The new referee then issued a decision denying benefits with findings and conclusions contrary to those made by the first referee. The Board affirmed this decision on appeal, and the present appeal followed.

Before this Court, Claimant initially contends that the second referee should have only addressed himself to the specific factual issues mentioned by the Board in its remand order, and should not have made factual determinations contrary to those reached by the initial referee. We disagree.

Although this Court has held that a referee's decision after remand, reversing his prior findings, on the

---

[1] The Claim Petition purported to be seeking benefits under the provisions of the Occupational Disease Act, but was treated as a claim brought under the provisions of the Workmen's Compensation Act. The injury is described in the Claim Petition as "Depression, acute anxiety and hypertension" which was "caused by the pressures and tensions of my employment."

same record, may not stand and his prior decision must be reinstated where the remand was ordered despite the fact that the prior findings were properly supported by the evidence, *No. 1 Contracting Corp. v. Workmen's Compensation Appeal Board (Van Horn),* Pa. Commonwealth Ct. , 460 A.2d 375 (1983); *but see Borovich v. Colt Industries,* 492 Pa. 372, 424 A.2d 1237 (1981); *McGraw-Edison/Power Systems Division v. Workmen's Compensation Appeal Board,* 62 Pa. Commonwealth Ct. 302, 436 A.2d 706 (1981) and *LoRubbio v. Workmen's Compensation Appeal Board,* 49 Pa. Commonwealth Ct. 529, 411 A.2d 866 (1980), we believe that this general rule has no applicability to a situation where, as in the present case, the Department, pursuant to provisions of Section 415 of The Pennsylvania Workmen's Compensation Act,[2] assigns the case to a new referee because the initial referee, in view of ethical concerns, is either disqualified or recuses himself. Accordingly, we conclude that under the circumstances presented here, the referee was not bound by any limitations specified in the Board's remand order in his resolution of the factual issues of the case.

Claimant next alleges (1) that the Board erred as a matter of law by concluding that he was an independent contractor, (2) that the referee capriciously disregarded evidence indicating that his work responsibilities caused his emotional difficulties, and (3) that the referee capriciously disregarded evidence indicating that he timely notified State Farm of his injury. We need only address Claimant's second allegation of error.

"A capricious disregard of evidence occurs when the referee deliberately disbelieves 'undoubted testimony or evidence from an apparently trustworthy source as would be repugnant to a man of reasonable

---

[2] Act of June 2, 1915, P.L. 736, *as amended,* 77 P.S. §851.

intelligence.' '' *Hill v. Workmen's Compensation Appeal Board,* 52 Pa. Commonwealth Ct. 96, 98, 415 A.2d 448, 450 (1980) (quoting *Lewis v. Workmen's Compensation Appeal Board,* 43 Pa. Commonwealth Ct. 70, 72, 401 A.2d 863, 864-65 (1979)).

In the present case, the only expert medical evidence produced to establish the connection between Claimant's emotional problems and the allegedly stressful nature of Claimant's job was the testimony of Dr. Ali Nourian. Considerable doubt was cast upon the testimony of Dr. Nourian, however, in cross-examination, since he admitted that he was not aware of the fact that Claimant had been misappropriating premium payments due State Farm, and since he testified as follows:

Q. However, if it turns out that there was some other trauma in his life besides the loss of his job, or beside the "unfair treatment," which was responsible for his reactive depression, of course, your opinion here today as you have already expressed would be incorrect.

A. Right.

In light of this testimony, and in light of the referee's findings, based on substantial evidence of record that Claimant was misappropriating premiums, and that he did not report this fact to Dr. Nourian, we believe that a reasonable person could conclude, as the referee did, that Claimant failed to establish that his reactive depression was caused by the stressful nature of his job responsibilities, as opposed to the stress generated by his concern over his illegal non job-related activities.

Since Claimant must establish that his injury was causally related to his employment in order to qualify for benefits, *Paper Products, Inc. v. Workmen's Compensation Appeal Board,* 67 Pa. Commonwealth Ct.

577, 448 A.2d 652 (1982), and since the referee in our view, did not capriciously disregard evidence by deciding that Claimant failed to prove this point, we will affirm. In light of this decision, we need not address the other allegations of error advanced by Claimant here.

### ORDER

Now, November 10, 1983, the order of the Workmen's Compensation Appeal Board at No. A-80674, dated March 4, 1982, is affirmed.

Judge MacPhail dissents.