649 A.2d 162

**SAMUEL J. LANSBERRY, INC., Petitioner,**

**v.**

**WORKMEN'S COMPENSATION APPEAL BOARD (SWITZER), Respondent.**

Commonwealth Court of Pennsylvania.

Submitted on Briefs Aug. 26, 1994.

Decided Oct. 11, 1994.

Barbara Zimmerman, for petitioner.

Robert P. Wilkison, for respondent.

Before DOYLE and KELLEY, JJ., and NARICK, Senior Judge.

NARICK, Senior Judge.

This is an appeal by Samuel J. Lansberry, Inc. (Employer) from an order of the Workmen's Compensation Appeal Board (Board), affirming the referee's grant of the fatal claim petition of Fay E. Switzer (Claimant), widow of Orval E. Switzer (Decedent). An understanding of the procedural history of this case is critical.

Claimant filed a fatal claim petition on November 30, 1984, alleging that her husband, Orval E. Switzer, died on December 27, 1983, as a result of injuries sustained in a single vehicle motor accident while he was hauling a load of coke under the terms of a lease agreement with Employer. Employer filed an answer denying that Decedent was entitled to compensation because he was not an employee.

On January 20, 1988, the referee rendered his decision denying the claim and finding that Claimant had failed to meet her burden of proving that Decedent was an employee. The referee concluded that Decedent worked for Employer in the

capacity of an independent contractor. Claimant appealed this result to the Board which remanded the case back to the referee to make findings on: (1) the degree and manner of control which Employer exercised over the decedent; (2) the terms of the lease agreement, particularly item # 6 granting lessee "exclusive possession, control and use of the equipment" to Employer, and (3) the credibility of the witnesses.

On April 5, 1990, the referee rendered his remanded decision reversing his prior decision and awarding benefits to Claimant. Employer appealed the remanded decision to the Board, which again remanded to the referee for: (1) findings of fact relevant to the factors listed in *J. Miller Co. v. Mixter,* 2 Pa.Commonwealth Ct. 229, 277 A.2d 867 (1971), for distinguishing an employee from an independent contractor, and (2) credibility determinations which would reconcile the decision in the initial opinion with the remanded opinion. In the remand order, the Board held that without these findings it could not exercise a meaningful review, and that the referee might open the record to take additional testimony at his discretion.

Upon second remand, the referee allowed testimony to be taken from Employer's counsel, but then ruled that it was inadmissible and irrelevant. He made additional findings of fact relevant to the indicia of control discussed in *Miller v. Mixter,* and again granted benefits to Claimant. Employer again appealed this outcome to the Board, and while affirming the referee's decision to exclude evidence from Employer, the Board reversed and remanded for the third time for resolution of issues of credibility in regard to various inconsistent facts of record.

Finally, after the third remand order and eight (8) years later, the referee issued a decision resolving the credibility issues to the satisfaction of the Board, which in turn affirmed the referee's grant of fatal claim benefits. The Board held that although the performance of Decedent's work was not completely controlled by Employer, there was sufficient evidence in the record to support the referee's finding that

Employer had enough control over Decedent to establish an employer/employee relationship.

On appeal to this Court, Employer argues that the referee erred in reversing his initial decision on the same record without taking additional evidence. *Thomas v. Workmen's Compensation Appeal Board (State Farm Insurance Co.),* 78 Pa.Commonwealth Ct. 274, 467 A.2d 430 (1983); *No. 1 Contracting Corp. v. Workmen's Compensation Appeal Board (Van Horn),* 74 Pa.Commonwealth Ct. 340, 460 A.2d 374 (1983). He further argues that under Section 419 of the Pennsylvania Workmen's Compensation Act (Act),[1] the Board may remand cases only where the findings of the referee are not supported by competent evidence, or where the referee has failed to make a finding on a crucial issue, necessary for the proper application of the law. *LoRubbio v. Workmen's Compensation Appeal Board,* 49 Pa.Commonwealth Ct. 529, 411 A.2d 866 (1980). Employer · argues that because the Board never found that there was insufficient competent evidence to support the referee's original decision, and because the referee made findings on all crucial issues relating to whether Decedent was an independent contractor or an employee, the Board improperly remanded the case to the referee.

As our Supreme Court stated in *Borovich v. Colt Industries,* 492 Pa. 372, 375, 424 A.2d 1237, 1239 (1981), Section 419 of the Act, "has been viewed as vesting virtually plenary remand power in the Board where it is determined that further factual findings are required to establish the entitlement to an award." Thus, although a referee may not have benefit of further testimony, if the Board determines that the findings of fact are inadequate or unclear, or if the initial findings of fact do not clearly set forth the basis for the rejection or acceptance of a claim, then the Board may proper-

1. Act of June 2, 1915, P.L. 736, *as amended,* 77 P.S. § 852. This section provides in pertinent part that, "[t]he board may remand any case involving any question of fact arising under any appeal to a referee to hear evidence and report to the board the testimony taken before him or such testimony and findings of fact thereon as the board may order."

ly remand the case and the referee may properly reverse the original decision. *Borovich.* Thus, we have held that a remand order directing the referee to make new factual findings may justify the making of new credibility determinations, *John A. Miller and Associates, Ltd. v. Workmen's Compensation Appeal Board (DeFelice),* 150 Pa.Commonwealth Ct. 634, 616 A.2d 131 (1992), and when the Board is unable to determine whether certain crucial testimony was even considered by the referee, the referee's decision was incapable of appellate review and a remand was proper for new factual findings. *A & P Tea Co. v. Workmen's Compensation Appeal Board (Giglio),* 114 Pa.Commonwealth Ct. 507, 539 A.2d 51 (1988).

In the Board's first opinion, it noted, citing *Universal Trucking, Inc. v. Workmen's Compensation Appeal Board (Hassell),* 112 Pa.Commonwealth Ct. 428, 535 A.2d 722 (1988), that the degree and manner of control which the employer exercised over the decedent are essential issues to be resolved by the referee, and that in cases such as these the lease agreements are important factors determining whether the requisite control exists sufficient to constitute an employer/employee relationship. *North East Express, Inc. v. Workmen's Compensation Appeal Board (Woytas),* 77 Pa.Commonwealth Ct. 255, 465 A.2d 724 (1983). The Board then remanded the case because there were no findings regarding the lease agreement, insufficient findings concerning the indicia of control, and no determinations as to credibility. Subsequent remands occurred because the referee failed to make findings in one or more of these areas.

The question of whether a party is an employer of a workmen's compensation claimant is a question of law based upon findings of fact. *LoRubbio.* The referee had failed to make findings on a crucial issue, necessary for the proper application of the law, and, therefore, a remand was proper. Moreover, the referee was mandated to reevaluate the entire record in light of the issue of control, and therefore, even without the benefit of new evidence, the referee did not exceed

his authority in finding on remand that an employer/employee relationship existed. *A & P Tea Company.*

██ Next, Employer argues that the referee's conclusion that Decedent was an employee, rather than an independent contractor, is not supported by substantial evidence. As stated many times, our scope of review is limited to determining whether there is substantial evidence in the record to support the referee's findings of fact, whether an error of law has been committed, or whether constitutional rights have been violated. 2 Pa.C.S. § 704.

We have set out the indicia to be used as guides in making the determination whether any given relationship is one of independent contractor or employer-employee in *Miller v. Mixter.* These indicia were discussed by this Court, in a similar context to that presented here, in an earlier case, *North East.* In *North East,* as in the present case, the owner of a truck was operating under a lease agreement similar to the one in issue here. We held, after considering many of the same indicia of control, that the trucker was an employee, and not an independent contractor. These similarities include:

(1) The lease agreement in both *North East* and here gave exclusive possession, control and use of all vehicles subject to the agreement to the employer, and the employer assumed complete responsibility for the operation of the vehicle during the terms of the agreement. (Finding of Fact No. 19.)

(2) The employer in both *North East* and here inspected the vehicle for safety. (Finding of Fact No. 13.)

(3) The employers in both instances required a written test before certifying the driver. (Finding of Fact No. 9.)

(4) North East and the employer here both had the right to accept or reject substitute drivers proposed by the truckers. (Finding of Fact No. 21.)

(5) Both employers could terminate the lease if the vehicles were not in satisfactory condition or were not operated to their satisfaction. (Finding of Fact No. 15.)

(6) Neither employer specified the route to be taken, but simply told the driver the destination and time of arrival. (Finding of Fact No. 34.)

(7) In both cases the drivers were prohibited by the lease from contracting for return loads.

(8) In both cases loads were hauled in trailers which had the name of the employers' companies attached to the back. (Findings of Fact # 22–# 24.)

■ This last indicia is important because it is well-settled that the presence of a party's name on a commercial vehicle raises a rebuttable presumption that the driver of the vehicle is an employee of that party acting within the scope of his employment. *Workmen's Compensation Appeal Board v. Navajo Freight Lines, Inc.*, 19 Pa.Commonwealth Ct. 25, 338 A.2d 766 (1975); *North East.* Moreover, there are other indicia of control which are present in this case:

(1) Decedent was not permitted to operate or permit operation of the vehicles for any purpose other than pursuant to the terms of the Agreement. (Finding of Fact No. 19.)

(2) Decedent was required to submit an annual Violation and Review Record listing all traffic violations in the past twelve (12) months. (Finding of Fact No. 8.)

(3) At the time the lease agreement was signed, Decedent was required to complete a four-page "Application for Employment", and to undergo a physical examination. (Findings of Fact No. 7 and 12.)

(4) Decedent was required to submit daily logs to Employer on forms provided by Employer. (Finding of Fact No. 25.)

(5) A fuel card was provided to Decedent in Employer's name, and Employer would later deduct the amounts charged from its payments to Decedent. (Finding of Fact No. 26.)

(6) Employer would issue memoranda to Decedent on a variety of topics. (Finding of Fact No. 27.)

(7) Decedent was able to use Employer's Public Utility Commission (PUC) number for sales tax exemption, and after

the accident, Employer filed accident reports with the PUC in which it identified Decedent as its driver. (Findings of Fact Nos. 35 and 36.)

The amount of control exercised by Employer over Decedent was equal to or greater than that exercised by the employer in *North East.* Therefore, we hold that there was no error of law when the Board affirmed the referee's conclusion that an employer/employee relationship existed between Decedent and Employer. Moreover, Employer's arguments notwithstanding, we find that there is substantial evidence in the record supporting the referee's factual findings. We are mindful that, "neither the compensation authorities nor the courts should be solicitous to find contractorship rather than employment." *Navajo Freight Lines,* at 31, 338 A.2d at 769. Therefore, we affirm the Board and hold that there was substantial evidence to support the conclusion that an employer/employee relationship existed between Decedent and Employer.

■ Finally, Employer claims that the referee erred in deeming the testimony of Herbert R. Nurick, Esq., an expert in motor carrier law and contracts, inadmissible. In point of fact, the referee heard the testimony from Attorney Nurick at a hearing held on March 13, 1991, after the Board's second remand, but reserved the right to rule upon Claimant's objection to this testimony. The referee, in his third opinion and order, held that the testimony was inadmissible, "and even if admitted has no impact upon the resolution of the findings in the instant case."

Although inartfully stated, the referee deemed the attorney's testimony, relative to the government regulations which influenced the drafting of the agreement between Employer and Decedent, irrelevant to the issue of control, where the impact of the lease, in terms of the control exercised by Employer through the terms of the lease, was the relevant information. The referee, therefore, found this testimony unhelpful. Moreover, it was held in *Rugh v. Keystone–Lawrence Transfer & Storage Co.,* 197 Pa.Superior Ct. 526, 179

A.2d 242 (1962), where an effort was made to avoid the implication of the powers granted by a lease agreement on the grounds that such language was required by government regulation, that although an employment relationship may have been created in part by government policy rather than by the parties' free choice, this in no way diminishes the existence of such a relationship. Thus, we do not find that the referee abused his discretion in refusing to find this testimony relevant or helpful.

Accordingly, we affirm the decision of the Board granting Claimant's fatal claim petition.

## ORDER

AND NOW, this 11th day of October, 1994, the order of the Workmen's Compensation Appeal Board in the above-captioned matter is hereby affirmed.