IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Steven Mengini,                          :
                    Petitioner           :
                                         :
            v.                           :        No. 150 C.D. 2014
                                         :        Submitted: May 30, 2014
Workers' Compensation Appeal             :
Board (Classic Coachwork North,          :
Inc.),                                   :
                    Respondent           :


BEFORE:     HONORABLE RENÉE COHN JUBELIRER, Judge
            HONORABLE MARY HANNAH LEAVITT, Judge
            HONORABLE ROCHELLE S. FRIEDMAN, Senior Judge


OPINION NOT REPORTED

MEMORANDUM OPINION
BY JUDGE LEAVITT                                    FILED: August 7, 2014

        Stephen Mengini (Claimant) petitions for review of an adjudication of
the Workers' Compensation Appeal Board (Board) denying his claim for workers'
compensation benefits. In doing so, the Board affirmed the determination of the
Workers' Compensation Judge (WCJ) that Claimant was ineligible for benefits
because Claimant failed to prove that his disabling symptoms were caused by
exposure to chemicals at his workplace. Claimant contends that the WCJ's
findings regarding the cause of his condition are not supported by substantial
evidence. We affirm.

        Claimant was employed as a car painter and supervisor with Classic
Coachwork North, Inc. (Employer) for approximately 15 years prior to his last day
of work on February 19, 2010. On June 22, 2010, Claimant filed a Claim Petition

alleging that he suffered from diffuse body and joint pain, nausea, and weakness caused by long-term chemical exposure in the course of his employment with Employer. The matter was assigned to a WCJ who held a hearing. Both Claimant and Employer appeared and presented evidence.

Claimant testified that his duties included dry sanding, wet sanding, solvent washing, and painting vehicles. Claimant worked with solvents including wax, grease removers, silicone removers, and lacquer thinners. These solvents contained chemicals including Toluene, Methyl, Ethyl, Ketone, and Xylene. In the course of a typical day, Claimant's latex gloves would frequently break down and solvents would come into direct contact with his skin. Claimant testified that he sometimes wore a charcoal filtered respirator while he was inside a spray booth, but removed it as necessary to communicate with employees under his supervision. Claimant testified that he suffers from joint problems, is short of breath, tires quickly, and needs to use a nebulizer at night for chest congestion. He attributes these symptoms, which came on gradually over six to ten years, to chemical exposure in the workplace. Claimant notified Employer of his symptoms when they became severe enough to interfere with his work, then terminated his own employment in February 2010 after he was hospitalized for pneumonia. Claimant's symptoms have rendered him unable to return to work.

Dr. Marilyn Howarth, who is board certified in internal medicine, testified by deposition on Claimant's behalf. Dr. Howarth estimated that 80 percent of her practice deals with patients exposed to chemicals. Dr. Howarth first examined Claimant on December 13, 2010, and diagnosed him with solvent-based encephalopathy that led to chronic pain syndrome. Dr. Howarth opined that the safety equipment used in Claimant's workplace did not provide adequate

2

protection against chemical exposure. Specifically, Dr. Howarth testified that Claimant's respirator provided inadequate protection against airborne solvents in the spray booth; Claimant could absorb solvents through his skin if there were extended skin contact. Any solvents spilled or splashed on Claimant's clothing could be held in extended contact with his skin and carried home with him at the end of the day, resulting in prolonged contact outside of the workplace. Dr. Howarth opined that Claimant's symptoms may be permanent effects of overexposure to chemicals in the workplace, that Claimant is totally disabled, and that Claimant should not return to work in his former position.

Dr. Evelyn K. Balogun, M.D., a board certified physician in occupational and environmental medicine, testified by deposition on Employer's behalf. Dr. Balogun examined Claimant on August 15, 2011, and reviewed his medical records. Dr. Balogun found Claimant's condition inconsistent with toxic chemical exposure because Claimant did not report any of the toxic exposure symptoms referenced in the AMA Guidelines for Evaluation of Disease and Injury Causation. Those symptoms include sinus, eye, and nasal irritation, dizziness, headaches, nausea, and cardiac arrhythmias. Claimant's neurological examination on August 15, 2011, was normal and Dr. Balogun did not find any neurologic deficits that would support a diagnosis of solvent-based encephalopathy. Reproduced Record at 113, 118 (R.R. ___). Dr. Balogun opined, in opposition to Dr. Howarth's diagnosis, that Claimant's symptoms are attributable to non work-related fibromyalgia, chronic tobacco use, and chronic prescription narcotics use, all of which were reported in Claimant's medical history. R.R. 94-95.

The WCJ denied Claimant's Claim Petition because, although Claimant established that he was disabled and suffered from the reported

3

symptoms, he failed to establish that his symptoms were caused by his exposure to chemicals in the workplace. The WCJ noted that Dr. Howarth had provided a thorough and complete explanation for her diagnosis, but found it was not supported by the weight of the medical evidence. WCJ Decision, February 27, 2012 at 4-5; Finding of Fact No. 9. The WCJ found Dr. Balogun's testimony credible, convincing, and supported by the weight of the medical evidence. *Id*. at 4; Finding of Fact No. 8. Claimant appealed and the Board affirmed. Claimant then petitioned for this Court's review.[1]

On appeal, Claimant argues that the Board erred in determining that substantial evidence supports the WCJ's finding that Claimant's symptoms are not work-related. Claimant suggests that the WCJ erred in relying on Dr. Balogun's testimony because she never made a diagnosis.

A claimant seeking workers' compensation benefits bears the burden of proving all of the elements necessary to support an award under the Workers' Compensation Act (Act)[2]. *Inglis House v. Workmen's Compensation Appeal Board (Reedy)*, 634 A.2d 592, 595 (Pa. 1993). The claimant must establish not only that he suffered an injury, but also that the injury was suffered "in the course of" employment and caused by his employment. *Paper Products Co. v.*

---

[1] Our scope of review is limited to determining whether constitutional rights were violated, whether any errors of law were committed, or whether necessary findings of fact were unsupported by substantial competent evidence. *Scarpelli v. Workmen's Compensation Appeal Board (Pompey Motors/Clifford Motors)*, 333 A.2d 828, 830 (Pa. Cmwlth. 1975). Substantial evidence has been defined as such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. *Bethenergy Mines, Inc. v. Workmen's Compensation Appeal Board (Skirpan)*, 612 A.2d 434, 436 (Pa. 1992).

[2] Act of June 2, 1915, P.L. 736, *as amended*, 77 P.S. §§1 – 1041.4, 2501 - 2708.

4

*Workmen's Compensation Appeal Board (Kirin)*, 448 A.2d 652, 652-53 (Pa. Cmwlth. 1982).

Section 301(c)(2) of the Act provides that a work injury includes an "occupational disease as defined in Section 108 of this act." 77 P.S. §411(2). "Occupational disease" is a defined term in Section 108 of the Act, and includes poisoning by certain enumerated chemicals, including toluene. Specifically, Section 108 states, in relevant part, as follows:

> The term 'occupational disease,' as used in the act, shall mean only the following diseases.
>
> (c) *Poisoning by* methanol, carbon disulfide, carbon monoxide, hydrocarbon distillates (naphthas and others) or halogenated hydrocarbons, *toluene diisocyanate (T.D.1.) or any preparations containing these chemicals or any of them, in any occupation involving direct contact with, handling thereof, or exposure thereto.*

77 P.S. §27.1(c) (emphasis added).

Once a claimant has established that he has contracted an occupational disease, there is a presumption that the disease was caused by his employment. *Dillon v. Workers' Compensation Appeal Board (City of Philadelphia)*, 853 A.2d 413, 418 (Pa. Cmwlth. 2004). That presumption is rebuttable by substantial competent evidence. *Id.* However, the claimant must first meet his burden to prove that he has the particular occupational disease before receiving the benefit of the presumption.[3] *Rex v. Workers' Compensation Appeal Board (City of Oil City)*, 879 A.2d 854, 862 (Pa. Cmwlth. 2005).

---

[3] The Board erroneously stated that Claimant was entitled to a presumption in his favor under *Dillon*. Although Claimant proved that he was exposed to toluene, he was required to prove that exposure caused a particular occupational disease but he failed to meet that burden. The WCJ **(Footnote continued on the next page . . .)**

The WCJ has exclusive authority to act as fact finder, determine credibility of witnesses, and weigh the evidence. *Lehigh County Vo-Tech School v. Workmen's Compensation Appeal Board (Wolfe)*, 652 A.2d 797, 800 (Pa. 1995). The WCJ has authority to accept or reject a medical expert's testimony in whole or in part. *Hills Department Store No. 48 v. Workmen's Compensation Appeal Board (McMullen)*, 646 A.2d 1272, 1275 (Pa. Cmwlth. 1994). If there is conflicting medical testimony, the WCJ may accept the testimony of one medical expert over another. *City of Wilkes-Barre v. Workmen's Compensation Appeal Board (Zuczek)*, 664 A.2d 90, 96 (Pa. 1995). The WCJ's findings will not be disturbed if they are supported by substantial, competent evidence. *Greenwich Collieries v. Workmen's Compensation Appeal Board (Buck)*, 664 A.2d 703, 706 (Pa. Cmwlth. 1995). The court only has authority to overturn a credibility determination if it is "arbitrary and capricious or so fundamentally dependent on a misapprehension of material facts, or so otherwise flawed, as to render it irrational." *Casne v. Workers' Compensation Appeal Board (STAT Couriers, Inc. & State Workers' Insurance Fund)*, 962 A.2d 14, 19 (Pa. Cmwlth. 2008).

Here, Claimant argues that the Board erred in holding that substantial competent evidence supported the WCJ's finding that Claimant did not contract an occupational disease as a result of his exposure to chemicals in the course of his employment. We disagree. A review for substantial evidence determines whether the record contains relevant evidence that a reasonable mind might accept as adequate to support a finding of fact, not whether there is evidence to support a

---

**(continued . . .)**

applied the proper standard and the Board affirmed. Thus, the Board's statement regarding a presumption was harmless error and is not outcome-determinative.

6

different finding of fact. Dr. Balogun's testimony, based on her own examination and her review of Claimant's medical history, was sufficient to support a finding that Claimant's symptoms were inconsistent with exposure to chemicals in the workplace and were attributable to other causes. The Board did not err in holding that substantial evidence supported the WCJ's findings of fact.

Claimant challenges Dr. Balogun's opinion because she did not offer her own diagnosis for Claimant's symptoms. A WCJ's credibility determination may be overturned on appeal only if it is "arbitrary and capricious or so fundamentally dependent on a misapprehension of material facts, or so otherwise flawed, as to render it irrational." *Casne*, 962 A.2d at 19. In this case, it was not necessary for Dr. Balogun to render a "diagnosis." The purpose of her independent medical examination was to render an expert opinion on whether Claimant's symptoms were work-related, which she did. There is nothing arbitrary, capricious or flawed about the WCJ's finding that Dr. Balogun testified credibly. What is more, Claimant, not Employer, had the burden of proof. Because the WCJ rejected the opinion of Claimant's doctor, Claimant could not prove that he suffers from an occupational disease. Therefore, the Board did not err in denying the claim petition.[4]

Accordingly, the order of the Board is affirmed.

_____
MARY HANNAH LEAVITT, Judge

---

[4] Claimant also contends that the WCJ failed to issue a reasoned decision as required by Section 422(a) of the Act, 77 P.S. §834. This issue is waived because Claimant did not raise it "with any degree of specificity in [his] appeal to the Board." *Jonathan Sheppard Stables v. Workers' Compensation Appeal Board (Wyatt)*, 739 A.2d 1084, 1089 (Pa. Cmwlth. 1999). Further, were we to address the issue, we would hold that the WCJ's decision is reasoned.

IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Steven Mengini,                          :
           Petitioner           :
                          :
        v.                  :   No. 150 C.D. 2014
                          :
Workers' Compensation Appeal   :
Board (Classic Coachwork North,  :
Inc.),                       :
           Respondent     :

## **O R D E R**

AND NOW, this 7th day of August, 2014, the order of the Workers'
Compensation Appeal Board dated December 31, 2013, is hereby AFFIRMED.

_____
MARY HANNAH LEAVITT, Judge