# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Hussey Copper, Ltd. and State     :
Workers' Insurance Fund,     :
          Petitioners     :
     :   No. 2338 C.D. 2015
     v.     :
     :   Submitted: April 29, 2016
Workers' Compensation Appeal     :
Board (Chiles),     :
          Respondent     :

BEFORE:   HONORABLE MARY HANNAH LEAVITT, President Judge
          HONORABLE PATRICIA A. McCULLOUGH, Judge
          HONORABLE DAN PELLEGRINI, Senior Judge

## *OPINION NOT REPORTED*

MEMORANDUM OPINION
BY JUDGE McCULLOUGH          FILED: January 19, 2017

Hussey Copper, Ltd., and the State Workers' Insurance Fund (collectively, Employer) petitions for review of the October 26, 2015, order of the Workers' Compensation Appeal Board (Board), which affirmed the decision of the Workers' Compensation Judge (WCJ) denying Employer's termination petition.

## Facts and Procedural History

Samuel Chiles (Claimant) suffered a work injury on September 11, 2004, when he hit a pothole while operating a forklift. Employer accepted liability for a low back strain when it issued a Notice of Compensation Payable. (Reproduced Record (R.R.) at 9a.)

Employer had Claimant examined by its own physician, Jack Failla, M.D., on August 18, 2007, and based on the results of that examination (full recovery from lumbosacral sprain), Employer filed a termination petition. In a decision circulated February 25, 2009, WCJ Nathan Cohen chose to believe Claimant's treating physician, David Blinn, M.D., over Dr. Failla, and denied Employer's termination petition. (R.R. at 6a-15a.)

On February 4, 2010, Employer had Claimant examined by another physician in the same partnership as Dr. Failla, Gerard Werries, M.D. (R.R. at 25a.) Because Dr. Werries found Claimant fully recovered from his work injury, Employer filed another termination petition, which was granted by WCJ Tobin in a decision circulated May 2, 2011. (R.R. at 44a-50a.) Once again, Claimant offered the testimony of Dr. Blinn, and WCJ Tobin resolved the conflicting medical testimony as follows:

> I find the opinions and testimony of Dr. Werries are more credible and persuasive than the testimony of Dr. Blinn and the claimant. Based upon the opinions and testimony of Dr. Werries, it is found as a fact that the claimant fully recovered from the work-related injury of September 11, 2004, on February 4, 2010. Dr. Werries explained that the diagnostic studies of the claimant's back show conditions which are not the result of the work-related injury. The work-related injury is a low back strain. Dr. Werries credibly explained how his examination findings and the diagnostic studies lead him to the conclusion that the claimant is fully and completely recovered from the work-related injury. His opinion comports with the objective medical evidence of record, and explains how the symptoms the claimant reports are not related to his work injury.

(WCJ's Decision, 5/2/11, Finding of Fact No. 5; R.R. at 49a.)

2

Claimant's appeal to the Board resulted in an order of January 2, 2014, remanding the case to the WCJ "to render a determination as to whether Defendant met its burden of proving a change in Claimant's condition since the adjudication of the previous Termination Petition." (R.R. at 57a.)

Upon remand, WCJ Tobin had retired and the matter was assigned to WCJ Jones. (WCJ's Decision, 9/26/14, Finding of Fact No. 2.) In a decision and order circulated September 26, 2014, WCJ Jones saw his mandate as "a reweighing of the evidence based on an independent judgment of all of the evidence of the case," so that when "the evidence has been reevaluated," it did "not establish a change in condition from the baseline measuring stick of WCJ Cohen's prior decision finding the claimant totally disabled." (WCJ's Decision, 9/26/14, Finding of Fact No. 10; Conclusion of Law No. 1.) (Emphasis in original.) WCJ Jones based his decision on two grounds: (1) Dr. Werries's examination and diagnosis were "essentially the same as Dr. Failla, [whose] opinion had been rejected by WCJ Cohen in the previous termination petition;" and (2) Dr. Blinn offered "more persuasive evidence" than did Dr. Werries. (WCJ's Decision, 9/26/14, Finding of Fact No. 10.)

The Board affirmed, holding that WCJ Jones did not exceed the scope of the remand order, and that his findings were otherwise supported by substantial evidence. (R.R.at 69a-79a.) Employer thereafter filed a petition for review with this Court.

On appeal,[1] Employer argues that WCJ Jones erred by exceeding the scope of the remand order and in concluding that Employer failed to establish a

---

[1] Our scope of review is limited to determining whether findings of fact are supported by substantial evidence, whether an error of law has been committed, or whether constitutional rights have been violated. Section 704 of the Administrative Agency Law, 2 Pa.C.S. §704; *Meadow* **(Footnote continued on next page…)**

change in Claimant's condition from the time of the disposition of the previous termination petition. We disagree.

## Discussion

### Remand

Pursuant to Section 419 of the Workers' Compensation Act (Act)[2], 77 P.S. §852, "the Board may remand a case when the WCJ's findings are not supported by substantial evidence or when the WCJ fails to make findings on a crucial issue for a proper application of the law." *Reinert v. Workers' Compensation Appeal Board (Stroh Companies)*, 816 A.2d 403, 407 (Pa. Cmwlth. 2003).

Upon remand, the WCJ has complete authority to decide the case within the parameters prescribed by the Board. *Budd Company v. Workers' Compensation Appeal Board (Kan)*, 858 A.2d 170, 179 (Pa. Cmwlth. 2004). A WCJ errs when he exceeds those parameters. For example, where a Board order authorized the WCJ to resolve issues of notice, average weekly wage, rate of compensation, medical expenses, date of compensation, and litigation costs, the WCJ "improperly exceeded the scope of the Board's remand order" when he reconsidered whether that Claimant suffered from occupational asthma. *Clark v. Workers' Compensation Appeal Board (Wonder Bread Co.)*, 703 A.2d 740, 743 (Pa. Cmwlth. 1997). In other words, where a case is remanded for specific and limited purpose, a WCJ may not decide issues not encompassed within the remand but rather must confine his or her findings to the

---

**(continued…)**

*Lakes Apartments v. Workers' Compensation Appeal Board (Spencer)*, 894 A.2d 214, 216 n.3 (Pa. Cmwlth. 2006).

[2] Act of June 2, 1915, P.L. 736, *as amended*, 77 P.S. §852.

stated purpose within the remand order. *Budd Company*, 858 A.2d at 180-81 (citing *McCloskey v. Workmen's Compensation Appeal Board (J.H. France Refractories, Inc.)*, 460 A.2d 237, 239 (Pa. 1983)). Indeed, where a remand order is silent concerning authority or direction to change the findings of fact, the WCJ upon remand is within his or her rights to reverse the original decision upon making the required credibility determinations. *Reinert*, 816 A.2d at 407.

Our prior decision in *Teter v. Workers' Compensation Appeal Board (Pinnacle Health System)*, 886 A.2d 721 (Pa. Cmwlth. 2005), is instructive. In *Teter*, the WCJ originally granted a claimant's claim petition without any explanation for his credibility determinations. The Board remanded the matter for the WCJ to summarize the testimony of employer's medical witness and explain the basis for his rejection of that testimony. Upon remand, that WCJ summarized the testimony but made new credibility determinations, finding the testimony of employer's medical witness as credible relating to the claimant's full recovery as of a specified date, thereby granting the claimant's claim petition for a closed period. The Board affirmed and so did this Court, holding, "[t]he WCJ was required to review the medical testimony and state the basis for his determinations. He was not required to produce the same result as the initial decision." *Id* at 723.

In the present case, the Board's order of January 2, 2014, remanded the matter "for the WCJ to render a determination as to whether Defendant met its burden of proving a change in Claimant's condition since the adjudication of the previous Termination Petition." (R.R. at 57a.) Consistent with this remand order, WCJ Jones reviewed the evidence and concluded that Employer failed to establish a change in condition from the baseline measuring stick of WCJ Cohen's prior decision finding

5

Claimant totally disabled. Hence, WCJ Jones did not exceed the scope of the Board's mandate upon remand.

This Court must now address whether there was substantial evidence on the record to support WCJ Jones's findings.

**Employer Failed to Prove a Change in Condition**

Where an employer previously sought termination of benefits and was denied, if it seeks termination later, it must prove a change in the claimant's physical condition since the prior adjudication. *Lewis v. Workers' Compensation Appeal Board (Giles and Ransome, Inc.)*, 919 A.2d 922, 926-927 (Pa. 1997). In other words, the baseline is the Claimant's physical condition as found in the prior adjudication. In the subsequent termination proceeding, the employer must prove full recovery, of course, but there must also be a separate finding that the employee's physical condition has changed, for the good, since the last adjudication of disability. *Delaware County v. Workers' Compensation Appeal Board (Browne)*, 964 A.2d 29, 35-36 (Pa. Cmwlth. 2008), and *Prebish v. Workers' Compensation Appeal Board (Department of Public Welfare, Western Center)*, 954 A.2d 677, 683-684 (Pa. Cmwlth. 2008).

Here, WCJ Jones properly recognized the findings of WCJ Cohen's 2009 decision as what were necessary "to establish claimant's baseline condition." (WCJ's Decision, 9/26/14, Finding of Fact No. 3.) WCJ Jones discussed at length the testimony and findings of Drs. Werries and Blinn, resolving the factual dispute when he believed Dr. Blinn over Dr. Werries. (WCJ's Decision, 9/26/14, Findings of Fact Nos. 5, 6, 8, and 10.)

6

Employer argues that WCJ Jones erred because he supposedly used the findings of the prior defense doctor, Dr. Failla, as the baseline, instead of the prior adjudication of WCJ Cohen. Employer focuses on a single sentence in WCJ Jones's decision, i.e., ; "[h]owever, a problem for [E]mployer is that Dr. Werries has agreed that his examination and diagnosis is [*sic*] essentially the same as Dr. Failla, [and] his opinion had been rejected by Judge Cohen in the previous termination petition." (WCJ's Decision, 9/26/14, Finding of Fact No. 10.)

However, Employer takes this sentence out of context and construes the same as contrary to the substance of WCJ Jones's Finding of Fact No. 10 and Conclusion of Law No. 1, both of which specifically identify WCJ Cohen's earlier adjudication as the "measuring stick" against which credible medical evidence should be applied in the present matter. Indeed, it is clear that WCJ Jones intended to use the comparison of Dr. Werries and Dr. Failla to analyze the credibility of Dr. Werries. Ultimately, WCJ Jones specifically found Dr. Werries not credible and that "the more persuasive evidence is from Dr. Blinn over a period of time." *Id.*

Dr. Blinn testified that Claimant's symptoms had remained consistent since his first examination in 2007 and that he considered Claimant to be a "very sincere person." (WCJ's Decision, 9/26/14, Finding of Fact No. 6.) He opined that Claimant's condition was related to his 2004 work injury, that said condition has declined/worsened over time, and that Claimant is completely disabled from performing his previous job. *Id.* He further opined that Claimant's prognosis for recovery was "poor" and that he likely had a "permanent condition." *Id.* He noted that, as of Claimant's last examination, Claimant could not bend, twist, lift, or climb. *Id.*

7

Based on his review of the testimony of Dr. Werries and Dr. Blinn, the latter of which he found credible,[3] WCJ Jones concluded, "[i]n weighing this record on remand, I find that the employer failed to approve [*sic*] a change in condition because claimant continues to remain disabled from his work injury based on the most reliable and credible evidence of record." *Id.* We find no error on the part of the WCJ in reaching this conclusion.

Accordingly, the order of the Board is affirmed.

                                _____

                                PATRICIA A. McCULLOUGH, Judge

---

[3] In a workers' compensation proceeding, the WCJ is the ultimate fact finder and is the sole authority for determining the weight and credibility of evidence. *Lombardo v. Workers' Compensation Appeal Board (Topps Company, Inc.)*, 698 A.2d 1378, 1381 (Pa. Cmwlth. 1997). "As such, the WCJ is free to accept or reject the testimony of any witness, including medical witnesses, in whole or in part." *Id.*

IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Hussey Copper, Ltd. and State : 
Workers' Insurance Fund, :
              Petitioners :
          : No. 2338 C.D. 2015
          v. :
          :
Workers' Compensation  Appeal :
Board (Chiles), :
             Respondent :

## ***ORDER***

AND NOW, this 19th day of January, 2017, the order of the Workers'
Compensation Appeal Board, dated October 26, 2015, is hereby affirmed.

_____
PATRICIA A. McCULLOUGH, Judge