# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Republic Services of      :
Pennsylvania, LLC,      :
         Petitioner      :
     :    No. 1118 C.D. 2020
     v.      :
     :    Submitted: April 9, 2021
Robert Schaffer, Jr. (Workers'      :
Compensation Appeal Board),      :
         Respondent      :

BEFORE:    HONORABLE RENÉE COHN JUBELIRER, Judge[1]
             HONORABLE PATRICIA A. McCULLOUGH, Judge
             HONORABLE CHRISTINE FIZZANO CANNON, Judge

## *OPINION NOT REPORTED*

MEMORANDUM OPINION
BY JUDGE McCULLOUGH                      FILED: May 12, 2022

Republic Services of Pennsylvania, LLC (Employer) petitions for review of the order of the Workers' Compensation Appeal Board (Board) dated October 13, 2020, that affirmed the decision and order of a Workers' Compensation Judge (WCJ) granting the modification petition filed by Robert Schaffer, Jr. (Claimant) under the Workers' Compensation Act (Act).[2] Employer raises several issues regarding its

---

[1] This case was assigned to the opinion writer before January 7, 2022, when Judge Cohn Jubelirer became President Judge.

[2] Act of June 2, 1915, P.L. 736, *as amended*, 77 P.S. §§ 1-1041.4, 2501-2710.

entitlement to a credit for previously paid disability benefits classified as partial per the impairment rating evaluation (IRE) performed under Act 111.[3]

## I. Background

Claimant suffered work-related injuries on September 21, 2004. *See* WCJ Decision, 12/13/2019 at 3, Finding of Fact (F.F.) No. 1. A notice of temporary compensation payable (NTCP) was issued, and Employer began paying temporary total disability benefits at a rate of $690.00 per week on September 22, 2004. *Id.* The parties agreed that the NTCP converted to a notice of compensation payable (NCP). *Id.*

Employer has continued paying wage loss benefits to Claimant at the rate of $690.00 per week since 2004. On June 1, 2011, Claimant underwent an IRE performed by Dr. Pinsky, M.D., who applied the Fourth Edition of the American Medical Association's Guides to the Evaluation of Permanent Impairment (AMA Guides) (First IRE). The First IRE stated that Claimant had a whole person impairment rating of 17% related to the work injuries in accordance with former Section 306(a.2) of the Act. *Id.*, F.F. No. 3; Bd. Decision, 10/13/2020, at 1. Thereafter, Employer filed a modification petition seeking to change Claimant's disability status. Claimant did not challenge the petition to modify, nor did he challenge the constitutionality of the IRE at that time.

Instead, on May 25, 2012, Claimant signed a supplemental agreement (2012 Agreement) that stated: "[a]n IRE of less than 50% of [C]laimant's benefits are modified to *partial* disability as of [August 22, 2011]." WCJ Decision, 12/13/2019,

---

[3] Section 306(a.3) of the Act was added by the Act of October 24, 2018, P.L. 714, No. 111 (Act III). Act III repealed former Section 306(a.2) of the Act, added by the Act of June 24, 1996, P.L. 350, *formerly* 77 P.S. § 511.2.

at 3, F.F. No. 4 (emphasis added). Thus, the 2012 Agreement resolved Employer's modification petition, and was approved by a WCJ.

Relevant here, in the interim, in 2015, this Court decided *Protz v. Workers' Compensation Appeal Board (Derry Area School District)*, 124 A.3d 406 (Pa. Cmwlth. 2015) (*Protz I*), *aff'd in part and rev'd in part*, 161 A.3d 827 (Pa. 2017) (*Protz II*). *Protz I* held that the IRE provision found in former Section 306(a.2) of the Act was an unconstitutional delegation of legislative powers "insofar as it [purported] to adopt a new version of the [] [the AMA Guides]" without review. 124 A.3d at 417. On June 20, 2017, our Supreme Court issued *Protz II*, which struck down Section 306(a.2) of the Act in its entirety and found that all IREs performed under the AMA Guides were unconstitutional.[4] *Protz II*, 161 A.3d at 841.

The legislature enacted Act 111 to address the constitutional infirmity of former Section 306(a.2). However, prior to Act 111's enactment, Claimant filed a Reinstatement Petition, asking that his benefits be classified as total disability benefits, not partial, based on the elimination of the IRE provisions. The parties entered into a stipulation with the understanding that the basis for setting partial benefits (*i.e.*, the IRE process) was eliminated (2018 Stipulation). By decision dated February 22, 2018, WCJ Leah Lewis adopted the 2018 Stipulation, and pursuant to the parties' agreement, reinstated Claimant to *total* disability status retroactive to August 2011. *See* Reproduced Record (R.R.) at 292a, 311a.

On March 4, 2019, Claimant underwent a second IRE by Dr. Michael Weiss, who found that Claimant's impairment rating was 28% based on the AMA

_____

[4] By Act 111, the General Assembly adopted the Sixth Edition (second printing April 2009) of the AMA Guides, thereby correcting the impermissible delegation of legislative authority that had invalidated former Section 306(a.2) of the Act and reestablishing the IRE process.

3

Guides, Sixth Edition (Second IRE). Employer filed a Modification Petition in April 2019 based on the Second IRE, requesting the benefit status be modified to partial disability. Following a hearing, WCJ Karl Peckmann granted the Modification Petition as of the date of the Second IRE. *See* WCJ Dec., 12/13/2019, Claimant's Br. at Ex. A.

Initially, WCJ Peckmann concluded Employer met its burden to prove that Claimant had a whole-body impairment rating of less than 35%, and so was properly classified as partial disability status. Nevertheless, he concluded that Employer was not entitled to credit for the weeks it paid partial disability benefits since those provisions of the Act were found unconstitutional. WCJ Peckmann modified the wage loss benefits to temporary partial disability pursuant to the 28% rating in the Second IRE in regard to Claimant's work-related injuries. He noted the finding about the percentage of impairment was not refuted. F.F. No. 15.

However, WCJ Peckmann found the benefits prior to the date of the Second IRE (March 4, 2019), should be classified as temporary *total* disability benefits and not partial disability benefits, based, in part, on the 2012 Agreement.[5] F.F. No. 16. The WCJ determined the wage loss benefits were to be modified from temporary total disability to temporary partial disability benefits at the rate of $690.00 per week effective March 4, 2019. Further, the WCJ ordered that all wage loss benefits paid before March 3, 2019, "shall be considered temporary *total* disability benefits." WCJ Dec. at 6 (emphasis added).

---

[5] WCJ Lewis issued a decision and order adopting the 2018 Stipulation that resolved the Reinstatement Petition filed by Claimant, in which Claimant sought total disability benefits, and reinstated Claimant's disability status to total as of August 22, 2011.

Employer and Claimant both appealed to the Board. Employer contended that the WCJ erred in failing to grant it a credit for previously paid weeks of partial disability pursuant to the retroactivity clause of Act 111. Bd. Decision, 10/13/2020, at 2. Claimant argued that Act 111 was unconstitutional by violating the Remedies Clause of the Pennsylvania Constitution, Pa. Const. art. I, § 11, and depriving him of a vested right in paid benefits. *Id.* at 5.

The Board affirmed WCJ Peckmann's decision on alternate grounds. Specifically, the Board concluded the WCJ erred in his application of the retroactivity clause of Act 111. *See* Bd. Op., 10/13/2020, Claimant's Br. at Ex. B. The Board reasoned the retroactivity provision in Section 3(2) of Act 111 did not apply because it only provided a credit for weeks of *partial* disability compensation paid. There were no such partial compensation weeks per Employer's agreement in the 2018 Stipulation and WCJ Lewis's decision upholding same. Employer filed a petition for review and sought a supersedeas from the Board's order. This Court denied the supersedeas by memorandum and order dated February 12, 2021. After briefing, we address the matter.

## II. Analysis

On appeal,[6] Employer posits that the 2018 Stipulation does not control here because it was premised on our Supreme Court's decision in *Protz II* (2017), which Act 111 effectively abrogated. Additionally, Employer asserts that Claimant did not raise the 2018 Stipulation as the basis for denying the credit before the factfinder, resulting in waiver. Employer maintains that the 2018 Stipulation was not

---

[6] This Court's review is limited to determining whether the necessary findings of fact were supported by substantial evidence, constitutional rights were violated, or errors of law were committed. *Borough of Heidelberg v. Workers' Compensation Appeal Board (Selva)*, 928 A.2d 1006, 1009 (Pa. 2006). Where the issue presented involves a question of law, our standard of review is *de novo* and our scope of review is plenary. *Id.*

5

made part of the evidentiary record in the litigation of the Modification Petition, and so may not constitute grounds for the Board's decision. Notwithstanding the 2018 Stipulation, Employer contends that the retroactivity provision in Act 111 applies such that it is entitled to a credit for indemnity benefits paid prior to the Second IRE. In its view, all payments from August 2011 to the present should count toward the Employer's obligation to pay 500 weeks of partial disability benefits.

Despite that it set forth multiple appeal grounds,[7] primarily, Employer argues the Board erred in affirming the WCJ's decision, which only allowed a credit as of the Second IRE when it should have allowed a credit for all indemnity benefits paid after the First IRE.

### A. 2018 Stipulation

This matter turns on the 2018 Stipulation, in which Employer agreed that Claimant's disability was a total disability and not a partial disability as part of its litigation of the Reinstatement Petition. In pertinent part, WCJ Lewis's decision adopting the 2018 Stipulation provides: "The parties are in agreement that the petition should be granted reinstating Claimant's benefits to *total* as of August 22, 2011." *See* WCJ Lewis Dec., 2/22/2018 (emphasis added); R.R. at 311a.

Importantly, Employer does not disclaim the existence or contents of the 2018 Stipulation. Nor does Employer dispute its agreement to classify Claimant's disability status as "total," retroactive to August 2011 in lieu of litigating the Reinstatement Petition before WCJ Lewis. Rather, Employer's argument hinges on

---

[7] Although Employer raised additional grounds in its petition for review and statement of questions involved in its brief, Employer did not brief them. As such, those arguments, related to reinstatement and the insurer's entitlement to credit in questions D., E., F., and G. of the statement of issues complained of on appeal, are waived pursuant to Pa.R.A.P. 2119. *See City of Philadelphia v. Workers' Compensation Appeal Board (Grevy)*, 968 A.2d 830, 837 n.9 (Pa. Cmwlth. 2009).

the exclusion of the 2018 Stipulation from the Board's consideration because it was not made an exhibit submitted formally as evidence during the litigation of the Modification Petition before WCJ Peckmann.

We turn first to the evidentiary challenge premised on Claimant's failure to submit the 2018 Stipulation as an exhibit in the hearings on the Modification Petition that is the subject of the current appeal. There is no dispute that the Board could take notice of WCJ Lewis's February 2018 decision, in which she discussed the 2018 Stipulation.

Based on these circumstances, exclusion of the facts agreed upon in the 2018 Stipulation is not appropriate. This situation is more akin to recognition of adjudicated facts than to judicial notice. This Court agrees with Employer generally that neither the Board nor this Court may consider extra-judicial facts that are not contained in the certified record. *See, e.g.*, *Martzen v. Workers' Compensation Appeal Board (Stores)* (Pa. Cmwlth., No. 436 C.D. 2015, filed Aug. 2, 2016), slip op. at 14-15, 2016 WL 4140845, at *7 (striking from the reproduced record transcripts from subsequent proceeding in which claimant appealed medical condition as outside the certified record) (unreported).[8] However, unlike *Martzen*, this case does not involve after-discovered evidence,[9] or even evidence *per se*. The decision of WCJ Lewis is alone sufficient to show the parties' agreement in a prior adjudication to a set of facts establishing Claimant's disability status as total instead of litigating the matter when faced with the uncertain status of IREs post-*Protz*. Employer now seeks

---

[8] Pursuant to Section 414(a) of this Court's Internal Operating Procedures, we may cite an unreported opinion of this Court for its persuasive value. 210 Pa. Code §69.414(a).

[9] *Martzen v. Workers' Compensation Appeal Board (Stores)* (Pa. Cmwlth., No. 436 C.D. 2015, filed Sept. 8, 2015), slip op. at 3 (Colins, S.J., single-judge op.) (granting employer's motion to strike inclusion of certain transcripts in the reproduced record when they were not contained in the certified record).

to disclaim the application of the adjudicated facts of the prior proceeding related to reinstatement, (WCJ Dec. 2/22/2018), in the current proceeding. This it cannot do. *See Delaware County v. Workers' Compensation Appeal Board (Browne)*, 964 A.2d 29, 35 (Pa. Cmwlth. 2008) (reasoning employer may not "recharacterize or disregard the prior adjudicated facts in these serial petitions in order to realize a favorable outcome") (citing *Folmer v. Workers' Compensation Appeal Board (Swift Transportation)*, 958 A.2d 1137 (Pa. Cmwlth. 2008)).

Moreover, Employer repeatedly acknowledges the existence of the 2018 Stipulation, and that therein "[Employer] agreed to classify Claimant's benefits as *total* disability benefits." Employer's Br. at 17 (emphasis added). Contrary to Employer's characterization, this Court does not construe *Protz* to have compelled all employers to agree to classify all claimants as having a total disability. Employer elected not to litigate the Reinstatement Petition, pure and simple. In lieu of litigating whether Claimant was entitled to reinstatement at the total disability level, Employer agreed to classify Claimant's benefits as total disability benefits. While the agreement to the classification as total disability benefits may have been motivated by the uncertainty of the legal landscape of partial benefit classifications after *Protz* declared the former delegation to the AMA Guides unconstitutional and before enactment of a legislative solution, the agreement also resolved that uncertainty.

Pursuant to Section 131.91 of the Special Rules of Administrative Practice and Procedure before WCJs, 34 Pa. Code § 131.91, the parties may resolve a case by stipulation submitted to the assigned WCJ. The Board's recognition of the 2018 Stipulation, adopted in the reinstatement adjudication, was thus permissible. We agree with the Board that the legality of the 2018 Stipulation is not undermined

8

by this Court's subsequent decisions.[10]  *See Hrivnak v. Workers' Compensation Appeal Board (R&L Development)*, 791 A.2d 1281 (Pa. Cmwlth. 2002).

Because the 2018 Stipulation set forth facts that were the basis for a subsequent adjudication, and made a part of that decision, it was not improper for the Board to consider it.  Employer was properly bound by its agreements.  *Hrivnak.*

## B. Credit Entitlement

Next, we consider the impact of the fact that Claimant had a total disability status as of August 2011.  Pursuant to Section 306(a.3), 77 P.S. § 511.3(2), a claimant's disability is classified as partial if an IRE rating is less than 35%.  Here, both the First IRE and the Second IRE established Claimant's impairment ratings as in the partial disability classification of 28% and 17%, respectively.  Employer assigns error in that the WCJ and the Board did not allow a credit for the indemnity benefits paid from the date of the First IRE against Claimant's entitlement to 500 weeks of partial benefits under the Act.  In so doing, Employer ignores its agreement that the benefits were reinstated to total benefits as of the date of the First IRE.

The Act limits a claimant's recovery to 500 weeks of partial disability benefits. *See* Section 306(b) of the Act, 77 P.S. § 512(1).  As a matter of policy, Employer makes a strong point:  by allowing the 2018 Stipulation to set the disability level, it will have paid well over 1,000 weeks, having made indemnity payments on the

---

[10]This case is also distinguishable from our decision in *Whitfield v. Workers' Compensation Appeal Board (Tenet Health System Hahnemann LLC)*, 188 A.3d 599 (Pa. Cmwlth. 2018) (*en banc*).  In *Whitfield*, this Court held that for a claimant to receive reinstatement of total disability benefits based on a *Protz* decision and an unconstitutional IRE, a claimant must demonstrate the continuation of disability from the work injury.  *Id.* at 616.  We held that with such a showing, a claimant is entitled to reinstatement as of the date of filing the reinstatement petition.  *Id.*  However, in this case, benefits were not reinstated as total disability benefits based on a *Protz* decision or a deemed unconstitutional IRE; rather, the benefits were established as total disability pursuant to the parties' agreement in the 2018 Stipulation.

claim since 2011. Nevertheless, Employer likewise constructed its case on the facts agreed upon in the 2012 Agreement, which deemed the benefits *partial* disability benefits. The basis for the impairment rating in both instances is the parties' agreement subsequently enforced through litigation of various petitions disputing the level of Claimant's impairment.

In relevant part, the retroactivity clause in Section 3(2) of Act 111 provides: "For the purposes of determining the total number of weeks of partial disability compensation payable under [S]ection 306(a.3)(7) of the Act, an insurer shall be given credit for weeks of *partial* disability compensation paid prior to the effective date of this paragraph." (emphasis added). This Court construed the retroactivity clause in *Rose Corp. v. Workers' Compensation Appeal Board (Espada)*, 238 A.3d 551 (Pa. Cmwlth. 2020). Therein, we explained the legislature drafted the provision such that it was selectively retroactive as follows:

> an employer/insurer will be given credit for any weeks of partial disability compensation paid prior to enactment of Act 111 "for the purposes of determining the total number of weeks of partial disability compensation payable under Section 306(a.3)(7) of the Act." In short, any weeks of *partial* disability previously paid will count towards the 500-week cap on such benefits.

*Id.* at 562 (emphasis added) (quoting Section 3(2) of Act 111). Regardless of whether the amendment was substantive or procedural, the provision is explicit in its application to *partial* disability benefits, which is not the classification of the type of benefits for which Employer seeks a credit.

Based on the parties' agreement as to Claimant's disability status as total starting in August 2011, there are no partial disability weeks for which Employer may be entitled to credit under the Act. By its plain language, the Act does not allow a

10

credit for total disability weeks. *See* Section 1903 of the Statutory Construction Act of 1972, 1 Pa. C.S. § 1903.

Ultimately, the Board did not err as a matter of law in holding Employer to its agreement that the type of disability as agreed, and adjudicated as a fact, was total and not partial. Because the credit provision applies solely to partial benefits, Employer is not entitled to a credit for the weeks paid prior to the Second IRE.

### III. Conclusion

For the foregoing reasons, we affirm the Board's Order.


_____
PATRICIA A. McCULLOUGH, Judge

11

IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Republic Services of          :
Pennsylvania, LLC,         :
        Petitioner      :
              :   No. 1118 C.D. 2020
        v.            :
              :
Robert Schaffer, Jr. (Workers'   :
Compensation Appeal Board),   :
        Respondent   :

## ***ORDER***

AND NOW, this 12th day of May, 2022, the order of the Workers' Compensation Appeal Board dated October 13, 2020, is AFFIRMED.

_____
PATRICIA A. McCULLOUGH, Judge